UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT DAVIS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-2679** |
| **BAKER HUGHES OILFIELD OPERATIONS, INC.** | **SECTION "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Strike Jury Demand is **GRANTED.** (Rec. Doc. # 69).

**IT IS FURTHER ORDERED** that defendant's Motion for Partial Summary Judgment is **GRANTED** (Rec. Doc. 85).

## BACKGROUND

On June 29, 2005, plaintiff Robert Davis ("Davis") filed suit individually and on behalf of his minor daughter, Jasmine Davis, against defendant Baker Hughes Oilfield Operations, Inc. ("Baker Hughes"). In addition Davis's wife, Tara Davis, is also a named plaintiff in the lawsuit against defendant. In the original complaint, plaintiffs alleged subject matter jurisdiction under 28 U.S.C. § 1333, admiralty and maritime jurisdiction. Davis claims that he sustained injuries to his right arm on November 29, 2004 while working as a roustabout[1] for The Offshore Drilling Company

---

[1] It is undisputed that Davis is a seaman.

("TODCO") on the TODCO vessel, THE 75. Davis claims that an employee of Baker Hughes, while attempting to free a shackle from the Baker Hughes equipment, swung a board and struck Davis on his right forearm. Among other things, Davis claims that Baker Hughes is liable for negligence of its employee, and for failure to properly train its employee and/or to conduct safety meetings. Davis claims past, present, and future damages in the form of lost wages, disability, disfigurement, medical expenses, physical pain and suffering. Tara and Jasmine Davis have claimed loss of consortium.

Subsequently, plaintiffs filed a first amended complaint and retained the assertion of jurisdiction pursuant to 28 U.S.C. § 1333, but also added a Rule 9(h) allegation under the Federal Rules of Civil Procedure.

Thereafter, Baker Hughes answered denying plaintiffs allegations and requesting a trial by jury. Plaintiffs have moved to strike the defendant's jury-trial demand. Defendant has submitted a motion for partial summary judgment requesting dismissal of the loss of consortium claims alleged by Tara and Jasmine Davis.

## DISCUSSION

**A.    Plaintiffs' Motion to Strike Jury Demand (Rec. Doc. # 69).**

Plaintiffs request that this Court strike the defendant's jury demand because plaintiffs have elected to proceed under Rule 9(h) of the Federal Rules of Civil Procedure which precludes defendant's right to invoke a jury trial. Defendant contends that it is entitled to a jury trial because this Court has diversity jurisdiction and because it has requested leave to file a counterclaim against Davis asserting breach of maritime settlement contract, and had it filed suit first, it would have been

entitled to a jury trial.[2]

Courts considering the effect of counterclaims on the Rule 9(h) designation have refused to allow a jury. *Harrison v. Fota Mercante Grancolumbiana, S.A.*, 577 F.2d 968, 987 (5th Cir. 1978)(refusing to allow the "emasculation" of a plaintiff's Rule 9(h) designation by third-party counter claimants' request for a jury); *Underwriters at Lloyd's, London v. Sundowner Offshore Services, Inc.*, 1999 WL 90566 (E.D. La. Feb. 17, 1999)(finding that when the plaintiff has designated his claim under Rule 9(h) in a suit for declaratory relief, the defendant is not entitled to a jury on the counterclaim).

Further, diversity of citizenship does not provide a basis for a jury trial. *Becker v. Tidewater*, Inc., 405 F. 3d 257, 259 (5th Cir. 2005).  For all of the aforementioned reasons, plaintiffs' motion to strike jury demand is GRANTED.

**B.     Defendant's Motion for Partial Summary Judgment  (Rec. Doc. 85).**

Baker Hughes moves for dismissal of the loss of consortium claims asserted by Jasmine and Tara Davis.

In *Scarborough v. Clemco Indus.*, 391 F. 3d 660 (5th Cir. 2004), the court addressed the availability of non-pecuniary damages for the spouse and adult children of a Jones Act seaman who had brought state law wrongful death, survival, and general Louisiana tort law claims.  The Fifth Circuit held that neither a Jones Act seaman nor his survivors may recover nonpecuniary damages from a non-employer third party because it would be inconsistent when Congress has disallowed such recovery in a Jones Act suit. *Scarborough v. Clemco Indus.*, 391 F. 3d 660, 668 (5th Cir. 2004).

---

[2]However, Magistrate Judge Roby has denied Baker Hughes' request to file a counterclaim. Order (Rec. Doc. 77).  This ruling has not been appealed.  Therefore, the counterclaim argument is moot.

The instant case involves a general maritime action including claims for nonpecuniary damages brought by Davis's wife and child, Tara and Jasmine Davis, against Baker Hughes, a non-employer defendant. Based on the above-cited law, Baker Hughes' motion for partial summary judgment is GRANTED.

## CONCLUSION

For the forgoing reasons, plaintiffs' Motion to Strike Jury Demand is **GRANTED.** (Rec. Doc. 69), and defendant's Motion for Partial Summary Judgment is **GRANTED** (Rec. Doc. 85).

New Orleans, Louisiana, this __28th__ day of February, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**