UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT DAVIS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:  05-2679 c/w** |
| | **07-1092** |
| **BAKER HUGHES OILFIELD OPERATIONS, INC.** | **SECTION: "S" (4)** |

## ORDER

Before the Court is a **Motion to Compel Independent Medical Examination (doc. # 103)** filed by the defendant, Baker Hughes Oilfield Operations, Inc., seeking an order from this Court compelling the plaintiff, Robert Davis, to submit to a **third independent medical examination** ("IME"). Davis filed a timely opposition memorandum. The motion was heard on May 23, 2007.

### I.    Background

Robert Davis and his wife Tara Davis commenced this action on June 29, 2005, alleging that as an employee of The Offshore Drilling Company he assisted in offloading Baker Hughes' equipment from a workboat. According to Davis, a shackle from Baker Hughes' equipment became stuck on a sling. In an attempt to free the shackle, a Baker Hughes employee swung a 2 x 4 board which missed the shackle and struck Davis on the forearm. Davis alleges that he suffered extensive damage to his right forearm from the blow requiring medical treatment and expense. Davis contends that the injury resulted from Baker Hughes' negligence. Baker Hughes answered denying liability.

Davis first appeared for an IME before Dr. Joseph Gonzalez, a specialist in pain management, on June 16, 2006. At some point, the record is not clear, Davis submitted to a second IME apparently several weeks prior to the hearing on this motion before Dr. Harold Ginzburg, a psychiatrist.

On April 25, 2007, Baker Hughes sent a letter Davis requesting a third IME for May 11, 2007, with Dr. Daniel Trahant, a neurologist. Davis's counsel never responded to the letter. Without consent of counsel or order from this Court, Baker Hughes then set the appointment for the third IME with Dr. Trahant. Davis did not appear at the IME.

Despite the non-consent of Davis's counsel or order from this Court and despite the fact that this is not the first or the second request for an IME, Baker Hughes reset the appointment for May 31, 2007 and then filed the subject motion to compel the IME.

## II.     Standard of Review

Rule 35(a) of the Federal Rules of Civil Procedure provides that "[w]hen the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . . . The order may be made only on motion for good cause shown." FED. R. CIV. P. 35(a).

Thus, there is a two-part test for determining whether the motion will be granted. First, the physical or mental state of the party must be in controversy. Second, the moving party must show good cause as to why the motion should be granted. *Schlagenhauf v. Holder*, 379 U.S. 104 (1964). In this case, there is no disagreement that Davis's injury is in controversy. Instead, the parties disagree about whether good cause exists to order another IME.

## III.    Analysis

Baker Hughes contends that good cause exists for a third IME because of a change in circumstances. First, it contends that Davis was untruthful during his deposition in January of 2006 and

was also untruthful during his examination with Dr. Gonzalez on June 16, 2006. Specifically, it contends that he failed to mention other previous accidents he had, including alleged paralysis, head injury, and a prior right arm and hand injury during both his deposition and during the exam. It notes, therefore, that Dr. Gonzalez issued his report based in part on this misinformation.

Second, Baker Hughes notes that Davis has been treating with Dr. John Adams, a physical rehabilitation specialist, and Dr. Adam Lewis, a neurologist/neurosurgeon. According to Baker Hughes, in December 2006, Dr. Adams concluded that Davis's right arm was completely disabled, and that he was suffering "worsening of his neuropathic pain." It also notes that Davis now uses a cane whereas he did not when examined by Dr. Gonzalez. Finally, Baker Hughes contends that it now appears that Davis claims that his RSD has spread throughout his body. Baker Hughes contends that this alleged worsening of the pain along with Davis's untruthfulness during the discovery process establishes the good cause necessary to order another IME.

Davis, on the other hand, notes that there was never an agreement that he would submit to a third IME. He concedes that his counsel received a letter setting the IME, but contends that his counsel simply forgot to respond to the request. He further contends that the expert report deadline has passed and therefore Baker Hughes cannot hire a new expert. Finally, he contends that he has already been examined by two of defendant's experts, Dr. Gonzalez, and a psychiatrist, Dr. Harold Ginzburg. He contends that he provided them with all of his medical history and has provided Baker Hughes with all of his available records.

The Court notes that by its terms, Rule 35 does not limit the number of examinations a party may be required to undergo. *Jackson v. Entergy Operations, Inc.*, CIV.A.96-4111, 1998 WL 28272, at *2 (E.D.La. Jan. 26, 1998); *Moore v. Calavar Corp.*, 142 F.R.D. 134, 135 (W.D.La.1992). "Each request for an independent medical examination must turn on its own facts, and the number of

examinations a party may be subjected depends solely upon the circumstances underlying the request." *Jackson.*, 1998 WL 28272, at *2. However, where "the moving party has already made an examination in the past, . . . the court will require a stronger showing of necessity before it will order repeated examinations." *Case v. JFP Offshore, Inc.*, CIV.A.95-3239, 1996 WL 210720 at *1 (E.D. La. April 29, 1996). This would be the third IME for Davis.[1]

Thus, the relevant inquiry before the Court is whether: (1) deadlines prohibit the IME; and (2) the change in circumstances warrants a third IME.

### A.     The Scheduling Order

On June 28, 2006, the District Court entered a scheduling order setting forth certain deadlines along with the date for a pre-trial conference and trial date. (*See* Rec. Doc. No. 61). According to the Order, the deadline for discovery was January 31, 2007 and the deadline for expert reports was set for January 2, 2007. The pretrial conference was set for March 1, 2007 and trial was set for March 19, 2007. The District Court then extended the deadline for expert reports to February 2, 2007. The scheduling order further provided that if "a continuance is granted, deadlines and cut off dates will be automatically extended, unless otherwise noted by the Court.

On March 1, 2007, the District Court continued the pretrial conference to June 21, 2007 and reset the trial for June 28, 2007. Thus, all deadlines were extended under the original scheduling order. Under the previous scheduling, discovery closed approximately 30 days prior to the pretrial conference, which would now set the deadline at May 21, 2007. Further, under the original scheduling order, expert reports were due approximately 60 days prior to the pretrial conference which would now set the

---

[1]Baker Hughes did not inform the Court of the fact that Davis had already submitted to two separate IME's.

deadline at April 23, 2007.[2]

In this case, defense counsel set the May 7, 2007 IME prior to the discovery deadline of May 21, 2007 but after the April 23, 2007 deadline for expert reports.  However, Baker Hughes failed to secure consent or seek relief from this Court when it set the third IME to ensure that the appointment occurred within the discovery deadlines.  Further, Baker Hughes did not seek leave of court to set the appointment outside the scheduling deadlines prior to unilaterally resetting the appointment May 31, 2007.  Thus, under the deadlines set by the scheduling order, the motion is untimely and should be denied on that basis.

In the interests of expediency, the Court turns to Baker Hughes's remaining argument that a third IME is warranted because of the change in circumstances.  For the reasons outlined below, the Court concludes that Baker Hughes has failed to show the good cause necessary to compel a third IME.

### B.     Change in Circumstances

The Court first notes that Baker Hughes concedes that Davis began complaining of reflex sympathetic dystrophy ("RSD") in May of 2004, well before his IME with Dr. Gonzalez.  Thus, Dr. Gonzalez was well aware of his complaints prior to the first IME.  Further, Baker Hughes provides no reason why it chose not to secure all of Davis's medical records and provide them to Dr. Gonzalez prior to the IME.  Thus, there has been no change in diagnosis of RSD, rather, Davis simply alleges the RSD has gotten worse, a possibility that existed during the first IME.  The Court concludes that simply because Davis alleges that he has gotten worse from the same complaint of RSD that he complained of prior to the first IME does not provide sufficient cause to compel a third IME.

During the hearing Baker Hughes further contended that it needs the opinion of its neurologist to rebut the claims of Davis's neurosurgeon that Davis is much worse.  The Court notes that Davis

---

[2] April 21, 2007 is a Saturday.

stopped treating with his neurosurgeon in May of 2006. Upon inquiry by the Court, Baker Hughes was unable to provide a reason to the Court as to why it waited until the eve of trial to schedule an IME with a neurologist when Davis stopped treating with his neurosurgeon almost one year ago. Thus, the Court is not persuaded by Baker Hughes' argument when it waited almost one year to schedule an IME.

The Court next considers Baker Hughes's final claim that Davis's untruthfulness is a sufficient change in circumstances to warrant a third IME. The Court first notes that Baker Hughes does not allege that Davis was untruthful at his second IME. Further, Baker Hughes does not indicate how any alleged untruthfulness by Davis changes Dr. Gonzalez's original IME report; Davis continues to be diagnosed with RSD. Further, upon inquiry by the Court, Baker Hughes again failed to indicate why it did not attempt to schedule an IME upon first learning of Davis's alleged untruthfulness. In the absence of any allegations as to how Dr. Gonzalez's report would change, the Court concludes that any alleged untruthfulness does not provide the necessary good cause to compel a third IME. Thus, the motion should be denied.

Accordingly,

**IT IS ORDERED** that Baker Hughes' **Motion to Compel Independent Medical Examination (doc. # 103)** is **DENIED**.

New Orleans, Louisiana, this 29th day of May, 2007

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**